**Alfred M. CARROLL, Adm'r of Ruth Ann Foree, Deceased, Appellant,**

**v.**

**BEGLEY DRUG COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

Rehearing Denied June 10, 1960.

Ralph H. Richards, Louisville, for appellant.

H. B. Kinsolving, Jr., Shelbyville, for appellee.

BIRD, Judge.

The complaint in this action charges that poison was negligently sold to a young girl resulting in her death. Defendant asserted below that the complaint fails to state a claim upon which relief can be granted and moved to dismiss. This appeal is taken from the judgment of dismissal.

The pertinent allegations of the complaint are as follows:

"I. The plaintiff, Alfred M. Carroll, states that on the 5th day of June, 1956, he was duly appointed by an Order of the Shelby County Court, administrator of the estate of Ruth Ann Foree, an infant, who died at the age of sixteen years on June 6th, 1955; * * *

"II. That on or about June 4th, 1955, the decedent purchased from the defendant, ⅛ ounce Strychnine sulfate and that the defendant * * * did negligently sell to the decedent without evidence of a prescription thereof, the aforementioned ⅛ ounce of Strych-

nine sulfate, a portion of which was consumed by the decedent on or about the 6th day of June, 1955, and which subsequently resulted in the death of the decedent.

"III. * * * that by reason of the aforementioned negligence of the defendant, the estate of the decedent has been deprived of the possible income capable of being produced by the decedent in the amount of $90,000.00."

Other averments in the complaint have no bearing upon the question to be resolved.

In support of its motion to dismiss, the defendant contends that the plaintiff predicated his right to recovery solely upon defendant's violation of KRS 217.450 providing as follows:

"No person shall sell or deliver to any person under the age of fifteen years, except with the consent of his parent or guardian or upon the written prescription of a physician, any poisonous drug or medicine."

It is earnestly contended that plaintiff pleads a single specific act of negligence, namely, selling poison in violation of the foregoing statute. Defendant argues that the allegation of age in the first paragraph of the complaint disproves the charge of this violation and that plaintiff's cause must therefore fail.

We are unable to connect the allegation of age in first paragraph with the allegations of negligence in the second paragraph so as to come to such conclusion.

A statement of decedent's age does not imply reliance upon the statute but, though not an essential plea, it is certainly relevant to life expectancy and the measure of damages.

The charge of negligence in the second paragraph is worded, "did negligently sell to decedent without evidence of a prescription therefor". It is argued that the phrase, "without evidence of a prescription therefor", relates to the statute. The language of the statute is not used and no reference is made to it. Persons under fifteen are not mentioned here or elsewhere in the complaint.

Appellee's position is untenable. It implies that selling poison without a prescription may constitute negligence *only* when the sale is made to persons under 15 years of age. The implication is unwarranted. It is quite conceivable that a sale of poison without a prescription to persons other than those under fifteen years of age might well constitute actionable negligence. For example, a person might be negligent in selling poison to feeble minded persons regardless of age, or to persons known by him to have previously used the drug for unlawful purposes. Katzman v. Com., 140 Ky. 124, 130 S.W. 990, 30 L.R.A.,N.S., 519. Nor does the mere specification of a class in the statute exclude other classes or individuals from the operation of the general laws of negligence. Surrounding circumstances might also conceivably make such a sale an act of negligence.

Further we think it unreasonable to hold that the pleader, knowing both the facts and provision of the statute, would plead so as to expose his cause to such ignominious demise.

We are not called upon to determine whether or not plaintiff has a cause of action but only whether or not he states one.

It is our conclusion that the pleading does not relate to the statute and that it does state a claim upon which relief may be granted.

The judgment is therefore reversed for proceedings not inconsistent with this opinion.

SIMS, STEWART and CAMMACK, JJ., dissenting.